**AFFIRMED as MODIFIED and Opinion Filed June 14, 2024**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-23-00508-CR**

**ANTHONY JAROME DAVIS, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 416th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 416-84125-2022**

## MEMORANDUM OPINION

Before Justices Reichek, Goldstein, and Garcia
Opinion by Justice Garcia

Appellant Anthony Jarome Davis was convicted of possession of methamphetamine. On appeal, he argues that (1) the judgment does not correctly state the offense for which he was convicted and (2) the trial judge erred by refusing to submit a lesser included offense to the jury. We modify the judgment to correctly state the offense and affirm the judgment as modified.

## I. BACKGROUND

Appellant was indicted for possessing with intent to deliver a controlled substance, methamphetamine, in the amount of at least four grams but less than 200 grams. He pleaded not guilty.

The issue of appellant's guilt was tried before a jury. The jury did not find him guilty of the charged offense, but it did find him guilty of the lesser included offense of possession of a controlled substance in the amount of at least four grams but less than 200 grams.

Appellant elected to be sentenced by the trial judge. After hearing evidence, the judge sentenced appellant to twenty years in prison.

Appellant timely appealed.

## II. ANALYSIS

### A. Appellant's Issue Two: Did the trial judge err by refusing to submit a lesser included offense to the jury?

We address appellant's second issue first. Appellant argues that the trial judge erred by refusing to submit a second lesser included offense to the jury, specifically the offense of possession of methamphetamine in the amount of at least one gram but less than four grams.

#### 1. Applicable Law

We review a trial judge's refusal to submit a lesser included offense to the jury for abuse of discretion. *Chavez v. State*, 666 S.W.3d 772, 776 (Tex. Crim. App. 2023).

A two-part test governs a defendant's entitlement to a lesser-included-offense instruction. *Id*. In the first step, we compare the statutory elements of the claimed lesser included offense with the statutory elements of the greater offense and any descriptive averments in the indictment. *Id*. The first step is satisfied if proof of the lesser offense is included within proof of the greater offense. *Id*. Second, we determine if there is evidence from which a rational jury could find the defendant guilty of only the lesser offense. *Id*. The second step is satisfied if there is affirmative evidence of a factual dispute that raises the lesser offense and rebuts or negates other evidence establishing the greater offense. *Id*. There must be some evidence directly germane to the lesser included offense for the factfinder to consider before a lesser-included-offense instruction is warranted; the possibility that the jury might disbelieve crucial evidence pertaining to the greater offense is not enough. *Ransier v. State*, 670 S.W.3d 646, 650 (Tex. Crim. App. 2023).

### 2. The Evidence

McKinney police officer Cary Wittwer testified that on August 20, 2022, he and another officer went to a Super 8 hotel in Collin County, Texas, to arrest appellant based on two active warrants. The officers found appellant in the hotel lobby and arrested him. Wittwer searched appellant and found a plastic baggie containing methamphetamine in appellant's pants pocket. Wittwer described the substance as a crystal-like substance that was in shards. He recognized the substance as methamphetamine based on his experience working on narcotics cases. He

weighed the baggie at the scene, and he remembered that it weighed 24.2 or 22.4 grams.

Renea Ecklekamp, a forensic scientist at a crime lab, testified that she tested the substance at issue in this case. The test revealed that the substance contained methamphetamine. She determined that the substance, excluding the baggie it was contained in, weighed 22.85 grams. That weight included any adulterants or dilutants that were part of the substance. She testified on cross-examination that she uses a small sample of a substance weighing less than a gram to run the test.

### 3. Application of the Law to the Facts

The State concedes that the first prong of the *Chavez* test is satisfied; possession of one to four grams of methamphetamine is a lesser included offense of possessing from four to 200 grams. The question is whether there was any evidence adduced at trial that would satisfy the second prong, i.e., affirmative evidence of a factual dispute that raises the lesser offense and rebuts or negates other evidence establishing the greater offense.

Appellant's argument focuses on Ecklekamp's testimony that she tested less than a gram of the substance found in appellant's pocket. He contends that the untested remainder of the substance could have been something other than methamphetamine, and thus the jury could have rationally found that he possessed less than four grams of methamphetamine.

The State responds that appellant's argument fails to reckon with the statutory definition of "controlled substance":

> "Controlled substance" means a substance, including a drug, an adulterant, and a dilutant, listed in Schedules I through IV or Penalty Group 1, 1-A, 1-B, 2, 2-A, 3, or 4. The term includes the aggregate weight of any mixture, solution, or other substance containing a controlled substance.

TEX. HEALTH & SAFETY CODE ANN. § 481.002(5). The statute further defines "[a]dulterant or dilutant" as "any material that increases the bulk or quantity of a controlled substance, regardless of its effect on the chemical activity of the controlled substance." *Id*. § 481.002(49). According to the State, the evidence showed that the entire contents of the bag were a controlled substance, i.e., methamphetamine plus adulterants and dilutants, and those contents weighed 22.85 grams. Thus, there was no evidence that appellant possessed less than 22.85 of a controlled substance.

We reject appellant's argument. Officer Wittwer testified that he had been a police officer for a little over twenty years, that he had been with the narcotics division of the McKinney police department for a little over two years, and that he had experience with narcotics cases even before joining the narcotics division. He testified that it was "very obvious" that the substance in the baggie found in appellant's pocket was methamphetamine. Ecklekamp testified that laboratory testing confirmed that the substance contained methamphetamine and weighed a total of 22.85 grams. Additionally, a body-cam video shows the baggie after it was

–5–

taken from appellant's pocket, and although fine details of the baggie's contents are not visible, it is apparent that the contents are uniform in color and general appearance.

The only evidence appellant points to as showing that he possessed less than four grams of a controlled substance is Ecklekamp's testimony that she tested less than a gram of the substance. Given Wittwer's testimony that the substance consisted of multiple "big shards," it is perhaps theoretically possible that (1) only the specific shard that Ecklekamp sampled contained methamphetamine and (2) the sampled shard weighed less than four grams. But we conclude that this does not satisfy the second prong of the *Chavez* test. There is no evidence affirmatively showing that only the shard Ecklekamp tested contained methamphetamine, or that the shard weighed less than four grams. Appellant's theory is essentially that a jury could have disbelieved the State's contention that all the shards in the baggie contained methamphetamine, but the possibility that the jury might disbelieve crucial evidence pertaining to the greater offense is not enough. *See Ransier*, 670 S.W.3d at 650; *see also Jackson v. State*, No. 14-02-00619-CR, 2003 WL 1738432, at *2 (Tex. App.—Houston [14th Dist.] Apr. 3, 2003, pet. ref'd) (mem. op., not designated for publication) ("Chemical analysis of contraband by testing representative samples does not, by itself, constitute evidence that the defendant possessed a lesser quantity of the contraband.").

The *Jackson* case supports our conclusion. In that case, Jackson was arrested after throwing away several rocks that a police officer suspected were cocaine. *Jackson*, 2003 WL 1738432, at *1. A chemist scraped a small amount of material from each rock, combined the scrapings, and analyzed the material. *Id*. The material tested positive for cocaine. *Id*. The total weight of the rocks was 1.1 grams, and Jackson was convicted of possessing between one and four grams of a controlled substance. *Id*. at *1, 3. He argued that he was entitled to a lesser-included-offense instruction for possessing less than one gram of cocaine because the chemist combined scrapings from all the rocks, leaving open the possibility that one or more rocks did not contain any cocaine. *Id*. at *2. The court of appeals rejected his argument because there was no *evidence* that any of rocks were cocaine-free. *Id*. In the same way, appellant in the instant case cites no evidence that any of the untested shards in the baggie did not contain methamphetamine. Thus, appellant's argument fails.

We overrule appellant's second issue on appeal.

**B.      Appellant's Issue One: Does the judgment contain a clerical error?**

In his first issue, appellant argues that the judgment is erroneous because it recites that the offense of conviction was "POSS CS PG 1/1-B >=4G<200G, A LESSER INCLUDED OFFENSE." He contends that this means he was convicted of possessing a controlled substance in Penalty Group 1/1-B, which includes drugs such as fentanyl but does not include methamphetamine, which is classified in

Penalty Group 1. *See* HEALTH & SAFETY §§ 481.102, 481.1022. He asks us to reform the judgment to correctly reflect the verdict.

The State agrees with appellant, and our review confirms that appellant's argument is correct.

Accordingly, we sustain appellant's first issue. *See* TEX. R. APP. P. 43.2(b); *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd) (en banc) ("Courts of appeals have the power to reform incorrect judgments.").

## III. DISPOSITION

We modify the trial court's judgment to reflect that the offense for which appellant was convicted involved a controlled substance in Penalty Group 1. We affirm the judgment as modified.

/Dennise Garcia/
DENNISE GARCIA
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
230508F.U05



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

ANTHONY JAROME DAVIS,
Appellant

No. 05-23-00508-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 416th Judicial
District Court, Collin County, Texas
Trial Court Cause No. 416-84125-
2022.
Opinion delivered by Justice Garcia.
Justices Reichek and Goldstein
participating.

Based on the Court's opinion of this date, the trial court's judgment is **MODIFIED** as follows:

The "Offense for which Defendant Convicted" is modified to read "POSS CS PG 1 >=4G<200G, A LESSER INCLUDED OFFENSE."

The trial court's judgment is **AFFIRMED AS MODIFIED**.

Judgment entered June 14, 2024.